ACCEPTED
12-15-00088-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/20/2015 10:35:26 AM
CATHY LUSK
CLERK

CAUSE NO. 12-15-00088-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/20/2015 10:35:26 AM

CATHY S. LUSK
Clerk

**FILED**

8/20/2015

**Twelfth Court of Appeals
Cathy Lusk
Clerk**

SIDNEY LYNCH,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

**STATE'S REPLY TO APPELLANT'S BRIEF**

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

MICHAEL J. WEST
Assistant Criminal District Attorney
Bar I.D. No. 21203300
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (903) 590-1719
mwest@smith-county.com

**ORAL ARGUMENT NOT REQUESTED**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . .    3

COUNTERPOINT ONE: Appellant has failed to properly preserve
this point as he did not timely object. Alternatively, these points
have no merit where the record  shows that the trial court
enforced the agreement between the parties. (Response to Points
of Error One & Two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

COUNTERPOINT TWO: The amount of court costs entered in the
final judgment and order of withdrawal  is not consistent with the
Bill of Costs and should be modified by the Court. (Response to
Points of Error 3-4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

# INDEX OF AUTHORITIES

**STATUTES** **PAGE**

**TEX. CODE CRIM. PROC. ANN. (Vernon 2015)**

Art. 26.04 (p) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TEX. R. APP. PROC. ANN. (Vernon 2015)**

Rule 33.1 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Rule 43.2 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**STATE CASES** **PAGE**

*Brewer v. State,* 572 S.W.2d 719
(Tex.Crim.App. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Carrillo v. State,* 98 S.W.3d 789
(Tex.App. - Amarillo 2003, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cole v. State,* 931 S.W.2d 578
(Tex.App. - Dallas 1995, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ex parte Williams,* 637 S.W.2d 943
(Tex.Crim.App. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Gooch,* 153 S.W.3d 690
(Tex.App. - Tyler 2005) (orig. proceeding) . . . . . . . . . . . . . . . . . . . . 9

*King v. State,* No. 06-10-00120-CR, 2010 Tex.App. LEXIS 10058
(Tex.App. - Texarkana Dec. 21, 2010, *no pet.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mayer v. State,* 309 S.W.3d 552
(Tex.Crim.App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**STATE CASES** (cont.)                                                                                    **PAGE**

*Perkins v. Third Court of Appeals*, 738 S.W.2d 276
(Tex.Crim.App. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Ranson v. State*, 707 S.W.2d 96
(Tex.Crim.App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*State v. Moore*, 240 S.W.3d 248
(Tex.Crim.App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7, 8

*Stone v. State*, 583 S.W.2d 410
(Tex.Crim.App. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Washington v. State*, 71 S.W.3d 498
(Tex.App. - Tyler 2002, *no pet.*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Williams v. State*, 332 S.W.3d 694
(Tex.App. - Amarillo 2011, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Willis v. State*, No. 12-09-00195-CR, 2010 Tex.App. LEXIS 2233
(Tex. App. - Tyler March 30, 2010, *no pet.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

CAUSE NO. 12-15-00088-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

SIDNEY LYNCH,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

## STATE'S REPLY TO APPELLANT'S BRIEF

**TO THE HONORABLE COURT OF APPEALS:**

Comes now the State of Texas, by and through the undersigned Assistant District Attorney, and prays that the Court to overrule Appellant's alleged errors and affirm the judgment and sentence of the trial court in the above-numbered cause.

### STATEMENT OF THE CASE

Appellant, Sidney Lynch, was indicted in Cause No. 007-0526-14, filed in the 7th District Court of Smith County, Texas, with the offense of Felon in Possession of

1

a Firearm. (CR: 1). On August 14, 2014, Appellant was fully admonished as required by law and persisted in entering a plea of guilty to the offense alleged by the indictment the case was the scheduled for a punishment hearing. (RR 5: 19-21, 33).

On August 27, 2014, Appellant was assessed the agreed eight year term of confinement, which was probated for a period of four years. (RR 6: 16-18).

On March 4, 2015, a bench trial was held on the State's motion to revoke Appellant's probation. Appellant entered pleas of "true" to each of the allegations contained in the State's motion to revoke. (RR 7: 12). After hearing evidence and argument of counsel, the trial court found it true that Appellant violated the terms and conditions of his probation and assessed punishment at the previously agreed eight years confinement in the Texas Department of Corrections - Institutional Division and no fine. (RR 7: 16-17).

Appellant gave timely notice of appeal, counsel was appointed, and a brief was filed with the Court. The State's brief will be timely filed if the Court grants the attached motion for extension of time.

## STATEMENT OF FACTS

Appellant has accurately stated the essential nature of the evidence presented at his trial. In the interest of judicial economy, any other facts not mentioned herein that may be relevant to the issues raised will be discussed in the State's arguments.

2

## REPLY TO APPELLANT'S POINTS OF ERROR AND SUMMARY OF ARGUMENT

**COUNTERPOINT ONE: Appellant has failed to properly preserve this point as he did not timely object. Alternatively, these points have no merit where the record shows that the trial court enforced the agreement between the parties. (Response to Points of Error One & Two).**

### A.     Summary of Argument

Under his first two points of error, Appellant complains that the trial court abused its discretion in sentencing him where it imposed the agreed sentence of eight years confinement as detailed in the plea agreement between the parties. (Appellant's brief at 5-10).

However, Appellant completely failed to object at his trial to the sentence assessed by the trial court on any grounds, much less that now argued on appeal under his first two points of error. Furthermore, even if the alleged error were properly preserved, the record shows that the trial court merely enforced the agreement that Appellant specifically requested the Court follow when he originally pled guilty and was placed upon probation.

### B.     Appellant failed to properly preserve his points of error.

The Court may not need to address the merit of Appellant's first two points where he has failed to show that the error, if any, was properly preserved. In order to preserve error, an objection must be timely and must call the attention of the trial

3

court to the particular complaint raised on appeal. *Ranson v. State*, 707 S.W.2d 96 (Tex.Crim.App. 1986); TEX. R. APP. PROC. ANN. 33.1 (a) (Vernon 2015).

When the trial court assessed its sentence in this case, Appellant did not object, or otherwise complain, on the basis he now argues under these first two points of error. (RR 7: 16-17). Where an objection is not timely made, and there is no good reason for the absence of the objection, the alleged error is waived. *Stone v. State*, 583 S.W.2d 410 (Tex.Crim.App. 1979). More specifically, a complaint that a trial court refused to consider the entire range of punishment is not preserved for error unless a timely objection is raised. *King v. State*, No. 06-10-00120-CR, 2010 Tex.App. LEXIS 10058, *2-4 (Tex.App. - Texarkana Dec. 21, 2010, *no pet.*) (not designated for publication); *Willis v. State*, No. 12-09-00195-CR, 2010 Tex.App. LEXIS 2233 (Tex.App. - Tyler March 30, 2010, *no pet.*) (not designated for publication)[1]; *see also Washington v. State*, 71 S.W.3d 498, 499 (Tex.App.-Tyler 2002, *no pet.*); *Cole v. State*, 931 S.W.2d 578, 579-580 (Tex.App. - Dallas 1995, *pet. ref'd*). Here, Appellant has failed to show that he properly preserved the alleged error under his first two point of error and they should be overruled.

---

[1] The State proffers unpublished opinions to point out the reasoning of the courts therein when faced with very similar facts "rather than simply arguing without reference, that same reasoning." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex.App. - Amarillo 2003, *pet. ref'd*).

4

**C.**     **Appellant's first two points have no merit because the trial court merely enforced the agreement Appellant had originally asked the Court to accept when he pled guilty.**

Should the Court conclude that Appellant's first two points have been properly preserved, they still lack merit. Appellant complains that by enforcing the agreement that he originally requested the trial court accept, the court improperly "prejudged [him] for any future revocation proceeding" and thus the court "violated his right to due process and due course of law." (Appellant's brief at 8).

The record shows that the trial court did not believe that the agreement between Appellant and the State for a probated term was a good resolution of this case until he specifically asked the court to approve the deal:

> THE COURT: And part of the reason I don't believe you is that whenever I look at your presentence, we've got eight felony arrests, 18 misdemeanor arrests, two felony convictions, 23 misdemeanor convictions, four probation revocations. That's not the history that most people in society would believe when that person tells us something, if it's inconsistent with what the rest of the evidence is showing. So wouldn't you prefer -- I suspect the State would offer you a low-end sentence of just getting this case behind you.
>
> THE DEFENDANT: No, sir.
>
> THE COURT: **You want to do this probation?**
>
> THE DEFENDANT: **Yes, sir.**
>
> THE COURT: Because what I'm going to do is -- I'll put in my PSI that I had this discussion -- I do it -- unfortunately, it seems to be more and

5

more regularly, unfortunately -- but I put in my presentence that the person has, number one, I feel, lied to me; number two, that they're a horrible candidate for probation based upon their history; and that we've had this discussion about the State maybe giving them a minimum sentence offer to not waste the system's resources on that person. And that if they come back and if the State can prove that you violated your probation, **I don't entertain any negotiations. Instead, you're telling me today, that if you're not completely successful on your probation, you want me to sentence you to 8 years in the penitentiary when you come back.**

THE DEFENDANT: **Yes, sir.**

THE COURT: **And that will be what will happen.**

THE DEFENDANT: **Yes, sir.** (emphasis supplied).

(RR 6: 4-8).

The record thus shows that the trial court was reluctant to accept the agreement of the parties and, *before Appellant entered his plea of guilty*, sought to verify that Appellant understood that the court would strictly enforce the agreement if a revocation should be filed. In fact, the trial court made repeated requests of Appellant concerning whether he wished the court to accept the agreement with the understanding that he would be assessed an eight year term of confinement if he did not adhere to the terms of the requested probation:

THE COURT: All right. **This is still what you want me to do, Mr. Lynch?**

THE DEFENDANT: **Yes, sir. Please, sir.**

6

THE COURT: And you're promising to be successful?

THE DEFENDANT: Yes, sir.

THE COURT: **What happens if you fail on your probation?**

THE DEFENDANT: **I understand, sir.**

THE COURT: **What happens if you fail on your probation?**

THE DEFENDANT: **It will be 8 years TDC.**

THE COURT: All right, sir. You understand, I believe.

THE DEFENDANT: Yes, sir. (emphasis supplied).

(RR 6: 15).

\* \* \*

THE COURT: All right. Mr. Lynch, **I'm making a note that we've had this discussion, and that if there's a revocation and the State proves you violated your probation, that it will be the 8-year sentence you've asked me for. That's still what you wish to do?**

THE DEFENDANT: **Sure, sir. Yes, sir.** (emphasis supplied).

(RR 6: 22-23).

The law provides that once a plea agreement is finalized and the trial court binds itself to the terms, both the defendant and the prosecutor are entitled to the benefit of the agreement. *See State v. Moore*, 240 S.W.3d 248, 251-252 (Tex.Crim. App. 2007). At the same time, both the defendant and the prosecutor are also bound to uphold their ends of the bargain. As the Court of Criminal Appeals long ago stated

7

in *Ex parte Williams*, when a trial court accepts a plea agreement, "the State is bound to carry out its side of the bargain. Likewise, the defendant is bound to carry out his side of the bargain." *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim.App. 1982). In *Ex parte Williams*, the appellant sought to invalidate a plea agreement with the State which had been accepted by the trial court. In upholding the agreement, the Court of Criminal Appeals wrote:

> When a defendant agrees to the terms of a plea bargain agreement he is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise. In effect, he becomes a party to a "contract". [citation omitted]. The "contract" does not become operative until the court announces it will be bound by the plea bargain agreement. Once the court makes such an announcement, the State is bound to carry out its side of the bargain. [citation omitted]. **Likewise, the defendant is bound to carry out his side of the bargain**. This Court in *Joiner v. State*, 578 S.W.2d 739 (Tex.Cr.App. 1979), speaking in contractual terms, said that when a plea bargain is not kept, the proper relief is either specific enforcement of the agreement or withdrawal of the plea, depending upon the requirements of the circumstances in each case. [citation omitted]. **This applies to both the State and the defendant**. (emphasis supplied).

> *Ex parte Williams*, 637 S.W.2d at 947.

In this case, the terms of the plea agreement between Appellant and the State were plainly set out in writing, signed by Appellant and the State, and filed with the records of the trial court. (CR: 33-38). Both at the guilty plea hearing, and at the sentencing hearing, Appellant expressly requested that the Court accept the terms of

8

that agreement - including the eight year sentence. (RR 6: 4-8, 15, 22-23; RR 7: 5-7). This case thus falls solidly within the confines of *Ex parte Williams*. The agreement was memorialized in the record, signed by the parties and accepted by the trial court. Furthermore, Appellant does not argue that his eight-year sentence came as a surprise to him, was not part of the agreement accepted by the trial court, or that his guilty plea was involuntary. Under these circumstances, the authority cited by Appellant regarding the impartiality of a fact-finder is not on point. When Appellant violated practically all of the conditions of his probation, the State rightfully requested and was fully entitled to the specific enforcement of the plea agreement.

Moreover, the trial court was clearly bound by law to enforce the guilty plea agreement that it had previously accepted. *See In re Gooch*, 153 S.W.3d 690, 694 (Tex.App. - Tyler 2005) (orig. proceeding) *citing Perkins v. Third Court of Appeals*, 738 S.W.2d 276, 283 (Tex.Crim.App. 1987) ("[A]fter accepting a plea of guilty and approving a plea bargain agreement, a trial court is "without any authority or power to do other than specifically enforce the agreement. . . .").

For these reasons, there is no merit to Appellant's argument under these points that the trial court had prejudged him by accepting and then later enforcing the terms of the agreement that he knowingly and repeatedly requested the court to accept. Appellant's first two points should be overruled.

9

**COUNTERPOINT TWO:** The amount of court costs entered in the final judgment and order of withdrawal is not consistent with the Bill of Costs and should be modified by the Court. (Response to Points of Error 3-4).

## A.    Summary of Argument

Appellant argues under his third and fourth that the final judgment of the trial court reflects an amount of court costs owed that is in conflict with the Bill of Costs partially because the Bill of Costs includes an amount imposed by the District Clerk for an appointed attorney fee of $300.00. (Appellant's brief at 10-16).

The State concedes that Appellant was found to be and remained indigent throughout the course of this case. The record shows that Appellant was appointed counsel for both his trial and this appeal. (CR: 29-31, 58, 81). The State further submits that the amounts in the judgment / order to withdraw funds are in conflict with the Bill of Costs and should be modified.

## B.    The Bill of Costs is not consistent with final Judgment and Order to Withdraw Funds and they should be modified.

The Bill of Costs in this case shows an amount of $300.00 for "SB7 ATTY FEE FOR 7TH DISTRICT COURT" was ordered to be paid by Appellant. (CR: 70). The record is silent whether that this fee is likewise contained in the $269.00 costs of court assessed in the final judgment and in the trial court's order to withdraw. (CR: 67, 69). Again, the record clearly shows that Appellant was found to be indigent by

10

the trial court and was appointed counsel for every phase of the case, including this appeal. (CR: 29-31, 58, 81).

The State must then concede that the cost imposed for attorney's fees in this case was not properly assessed. Appellant does not complain about the remainder of the fees assessed in the Bill of Costs. This would mean that the Bill of Costs should reflect a total original amount owed of $314.00 instead of the $614.00 currently shown on the face of the Bill of Costs. (CR: 70).

The record further shows that the original terms of probation required that Appellant make $20.00 monthly court cost payments "beginning in October of 2014." (CR: 46). The State's motion to revoke alleged a failure to pay the $20.00 monthly court costs in the months of November and December 2014; and January 2015." (CR: 52). Appellant subsequently pled "true" to the allegation that he failed to make the monthly court costs payments. (RR 7: 12-13). The "Order Revoking Community Supervision" states that Appellant he failed to pay "all Court Cost, including appointed counsel fees . . . at the rate of Twenty Dollar ($20.00) per month for the months of November and December 2014; and January 2015[.]" (CR: 65).

Consequently, the record shows that Appellant was to begin making payments of $20.00/month towards the costs of court beginning in October of 2014. The record also indicates that Appellant made the first payment due on court costs for the month

11

of October 2014. It was not alleged by the State's motion to revoke, or proven at the revocation hearing, that he did not.

As stated above, the original $614.00 of the court costs reflected by the Bill of Costs should have actually been $314.00 after the improper "appointed attorney" fee is subtracted. When the Court further subtracts the $20.00 paid by Appellant towrds court costs in October of 2014, the remainder of court costs owed under the Bill of Costs actually would be $294.00. ($314.00 - $20.00).

This of course does not explain why the amount of court costs owed in the final judgment and order to withdraw funds is listed as $269.00. *See* (CR: 67, 69). The State cannot determine from the record how the trial court was able to conclude that Appellant owed an amount that is $25.00 less than that reflected by the (modified) Bill of Costs. Appellant has not argued, and the record would not support, that he paid this additional $25.00 towards the costs of court. Notably, Appellant has conceded that the other fees reflected by the Bill of Costs were "properly assessed" and should amount to $314.00. (Appellant's brief at 15).

The law provides that an award of court costs in a judgment should be reviewed in the light most favorable to the trial court's judgment. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex.Crim.App. 2010). Appellant suggests a remand to the trial court in order to determine the amount owed. However, the State would submit that

12

the record shows that the $269.00 amount of court costs seen in the final judgment and order to withdraw funds is clearly incorrect. An order remanding the case back to the trial court is simply not necessary as the Court has sufficient information in the record to modify the amount of court costs owed.

The final judgment should thus be modified to correctly reflect that Appellant actually owes $294.00 in court costs. *See* TEX. R. APP. P. Rule 43.2 (b) (Vernon 2015); *Brewer v. State*, 572 S.W.2d 719, 723 (Tex.Crim.App. 1978) ("Where the Court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal."); *Williams v. State*, 332 S.W.3d 694, 699 (Tex.App. - Amarillo 2011, *pet. ref'd*) (Where appellant was and remained indigent, the trial court correctly deleted $3,500 in attorney's fees from the Bill of Costs); TEX. CODE CRIM. PROC. ANN. Art. 26.04 (p) (Vernon 2015).[2]

Likewise, the order to withdraw funds entered in this case incorrectly reflects an amount of $269.00 in court costs and should be modified by the Court to show that Appellant actually owes $294.00.

---

[2] Art. 26.04 (p) provides :

A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. If there is a material change in financial circumstances after a determination of indigency or nonindigency is made, the defendant, the defendant's counsel, or the attorney representing the state may move for reconsideration of the determination.

13

## PRAYER

**WHEREFORE**, for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Points of Error and affirm the judgment of the 7th District Court, Smith County, Texas, as modified, in this case.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the pertinent sections of the State's Reply Brief in the above numbered cause contain 2,733 words, an amount which complies with Texas Rule of Appellate Procedure 9.4 (I).

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _20th_ day of _August_ , 2015, the following have been completed:

(1) The original of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of Twelfth Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to:

Mr. James Huggler
Attorney at Law
100 E. Ferguson, Ste. 805
Tyler, Texas 75702

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)